**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Nathan DRAPER, Defendant–
Appellant.**

**No. 00–5246.**

United States Court of Appeals,
Sixth Circuit.

Oct. 2, 2001.

Before KENNEDY, GUY, and BOGGS,
Circuit Judges.

PER CURIAM.

Nathan Draper appeals his conviction on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). He claims that the district court improperly denied his motion to suppress evidence gained from a police stop that Draper contends was illegal. We affirm.

I

On July 12, 1999, at approximately 4:00 a.m., Draper was stopped by Officer William Poteet of the Memphis Police Department while driving on Poplar Avenue in Memphis. Officer Poteet testified that he stopped Draper because he saw through the window of the car that Draper was not wearing a seatbelt. Specifically, Officer Poteet could see only that Draper was not wearing the shoulder strap of the seat belt. Officer Poteet also observed that the date on the temporary license plate on the vehicle was unreadable.

When the officer turned on his blue lights, Draper pulled his car into the parking lot of a convenience store and stopped. Coincidentally, two other Memphis Police Department patrol cars were parked in the same lot. Draper was in the driver's seat and co-defendant James Williams was in the passenger seat. After stopping, Draper immediately got out of his car and approached Officer Poteet's car, which was pulled in behind Draper's. Officer Poteet got out of his car and walked past Draper to look through the driver's side door, which Draper had left open. Officer Poteet saw what appeared to be a hand-rolled marijuana cigarette lying on the front seat of the Pontiac, so he reached in, retrieved the cigarette and confirmed that it was marijuana. At this time, Officer Poteet placed Draper and Williams into custody.

After securing Draper and Williams, Officer Poteet and a second officer searched the front compartment of the Pontiac and

discovered a pistol under the driver's seat, a pistol under the front passenger's seat, and loose pistol rounds up against the back of the front seat.

On August 31, 1999, a federal grand jury in the Western District of Tennessee returned a one-count indictment charging Draper with violating 18 U.S.C. § 922(g), being a felon in possession of a firearm.

Prior to trial, Draper filed a Motion to Suppress any and all evidence, including statements made by Draper, resulting from the search and seizure of his automobile. In his Motion to Suppress, Draper alleged that Officer Poteet stopped Draper without probable cause or reasonable suspicion of criminal activity, and argued that the resulting warrantless search of Draper's automobile was therefore illegal.

The district judge held an evidentiary hearing on October 14, 1999. At the hearing, Officer Poteet testified, as discussed above, that he stopped Draper because he observed that Draper was not wearing a seatbelt. The judge found Officer Poteet's testimony to be credible, and credited it in all respects. The judge stated, "... Officer Poteet was very thorough in his discussion. He was not in any way effectively impeached, and the Court accepts his testimony as accurate in this case." With reference to Officer Poteet's testimony as to the reason for the traffic stop, the judge stated: "Frankly, I find the discussion and testimony by Officer Poteet convincing. He, in fact, observed a driver without a seatbelt on, and the Court does not accept the proposition that when an officer observes an illegal seatbelt or a violation of the seatbelt law that he should do nothing." Holding that there was probable cause for the initial stop, the district court denied Draper's Motion to Suppress.

The evidence was used at Draper's jury trial, which resulted in a guilty verdict on the single count. Draper filed a timely notice of appeal.

## II

This is an extremely straight-forward case. The arresting officer claims he stopped Draper because he witnessed a violation of Tennessee's seatbelt law,[1] and that, after the stop, he saw marijuana in clear view, so he took Draper and his co-defendant into custody and made a more thorough search of the vehicle, during which he found the guns that were the basis of Draper's felon-in-possession conviction. The only link in this chain of events that Draper disputes is that Officer Poteet actually made the initial stop based on having witnessed a seatbelt violation.

As this court stated in *United States v. Ferguson*, 8 F.3d 385, 391 (6th Cir.1993), "so long as the officer has probable cause to believe a traffic violation has occurred or was occurring, the resulting stop is not unlawful." Even the fact that a reasonable officer might not have stopped the vehicle for the alleged violation is not enough to make a stop illegal, as long as the officer actually observed the traffic violation alleged to be the basis for the stop. *Whren v. United States*, 517 U.S. 806, 812–13, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). Further, in a comparable case, the Supreme Court affirmed a Texas court's finding that the witnessed violation of a seatbelt law gave officers probable cause to make a stop and arrest. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 121 S.Ct. 1536, 1557, 149 L.Ed.2d 549 (2001).

---

1. Presumably, Tenn.Code Ann. §§ 55–9–603(a)(1) (2001), which states, "No person shall operate a passenger motor vehicle in this state unless such person and all passengers four (4) years of age or older are restrained by a safety belt at all times the vehicle is in forward motion."

As Draper points out, this court has held that although officers may stop a vehicle for a traffic offense even though his or her actual motivation is to search for contraband, the officer still must have probable cause for the initial stop. *United States v. Ferguson,* 8 F.3d 385, 391 (6th Cir.1993). It is therefore obvious that if Officer Poteet witnessed the violation as he claims, he had probable cause to make the initial stop. However, whether or not the officer actually witnessed a violation, and therefore had that probable cause, is a question of credibility best determined by the district court, in the absence of clear error.

In this case, the district court credited Officer Poteet's testimony in all respects. As mentioned above, the district court stated that, "I find the discussion and testimony by Officer Poteet convincing. He, in fact, observed a driver without a seatbelt on, and the Court does not accept the proposition that when an officer observes an illegal seatbelt or a violation of the seatbelt law that he should do nothing." Aside from a non-responsive claim that Memphis area police officers have in the past relied on questionable justifications for initial stops, and an allegation that Officer Poteet must have used the seatbelt stop as a subterfuge because he failed to notice whether the vehicle's passenger was wearing a seatbelt, Draper offers no evidence to show that the district court was clearly wrong in its crediting of Officer Poteet's testimony. Since the district court applied the proper legal standard— that witnessing a violation provides probable cause for a stop—and has not clearly erred in crediting Officer Poteet's testimony that he witnessed a violation, we AFFIRM the district court's refusal to suppress the evidence garnered from the stop.